IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JUSTIN ADAM WHITTINGTON                                                              PLAINTIFF

VS.                                           CIVIL ACTION NO.  3:24-cv-68-CWR-LGI

ST. DOMINIC-JACKSON MEMORIAL HOSPITAL
AND JOHN DOES 1-5                                                                  DEFENDANTS

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, and for cause of action against the Defendants would show unto the Court the following:

### PARTIES

1.

The Plaintiff, Justin Adam Whittington, is an adult resident citizen of Vidalia, Louisiana.

2.

The Defendant, St. Dominic-Jackson Memorial Hospital ("St. Dominic") is a non-profit corporation organized under the laws of the State of Mississippi with its principal place of business in Jackson, Mississippi. It may be served with process in accordance with the Federal Rules of Civil Procedure.

3.

The Defendants, JOHN DOES 1-5, are individuals or entities as yet unknown and unidentified to the Plaintiff, or individuals or entities who cannot be found by reasonable inquiry, including, but not limited to, other healthcare providers or practice groups of which such other healthcare providers were members, who, at material times, provided medical

care and/or treatment to the Plaintiff; and/or other individuals or entities who were in association with, in business with, partners of, or members of, the Defendants named herein or other John Doe defendants; and/or other individuals or entities who, at material times, supervised, controlled, or directed the work of a healthcare provider who provided medical care or treatment to the Plaintiff, so as to incur individual liability, pursuant to Mississippi statutory and/or common law, or vicarious liability. Such John Doe defendants will be identified and named when their identity becomes known and/or they may be found.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction of the parties and of the subject matter of this suit pursuant to 28 U.S.C. §1332 in that it is a civil action in which the citizenship of the Plaintiff is diverse from the citizenship of each Defendant and the amount in controversy exceeds the sum or value of $75,000.

5.

Venue is appropriate in this court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division.

## NOTICE OF CLAIM AND CERTIFICATION OF CONSULTATION

6.

Proper written notice of intention to file this action has been provided to the Defendant pursuant to Mississippi Code Ann. § 15-1-36(15).

7.

Attached is a certificate of consultation pursuant to the requirements of Mississippi Code Ann. § 11-1-58(1)(a).

## **FACTS**

8.

The Plaintiff hereby adopts and incorporates each and every allegation and averment set forth in the preceding paragraphs.

9.

On or about September 8, 2022, Plaintiff, Justin Adam Whittington, a 40-year-old male, suffered a stroke at approximately 4:00 p.m. while he was at work in Brandon, Mississippi. Plaintiff was rushed to St. Dominic's emergency department. Medical records show that he manifested symptoms of a right middle cerebral artery stroke including headache, loss of consciousness, slurred speech, facial drooping, and left-sided weakness.

10.

Upon his admission to St. Dominic, Plaintiff was a candidate for Tissue Plasminogen Activator (tPA) and/or other clot removal therapies. Multiple diagnostic tests, all of which were performed within four hours of symptom onset, revealed that Plaintiff had suffered a stroke. Unfortunately, however, none of Plaintiff's medical providers at St. Dominic, including physicians, nurses and nurse practitioners for whom St. Dominic is vicariously liable, ordered tPA or any other clot removal therapy. Even though St. Dominic and its medical professionals knew or should have known that Plaintiff was a candidate for tPA and that he would benefit from tPA, Plaintiff lost his opportunity of a better outcome because he did not receive tPA.

11.

Due to misdiagnosis of Plaintiff's symptoms and failure to properly evaluate and treat Plaintiff, Plaintiff missed out on interventions such as tPA. These treatments and additional stroke protocol would have prevented additional cell death and minimized deficits associated with this misdiagnosis.

12.

Because of the negligence, gross negligence, and medical malpractice of the medical professionals at St. Dominic, Plaintiff is now permanently impaired. Each of the above acts of medical negligence are breaches of the standard of care and the proximate cause of the damages inflicted on Plaintiff. Plaintiff has suffered life-altering damages, including but not limited to bodily injury, death of brain tissue, TBI, emotional distress, mental anguish, pain and suffering, medical expenses (past, present and future), lost wages (past, present and future), and loss of enjoyment of life.

13.

Additionally, St. Dominic failed to implement adequate policies, procedures, and/or directives necessary to govern appropriate treatment and management of its patients, including stroke patients such as Plaintiff.  St. Dominic further failed to maintain and implement adequate standards, policies, and procedures for credentialing medical personnel to provide competent medical care and for the provision by its properly credentialed medical personnel to properly diagnose and treat conditions such as those presented by Plaintiff to protect the patient's health and welfare.

14.

St. Dominic is vicariously liable for the negligence, gross negligence, and malpractice of its employees, representatives and/or agents, including the physicians, nurses and nurse practitioners who provided care to the Plaintiff and which resulted in the injuries and damages of Plaintiff.

## CAUSES OF ACTION

15.

The Plaintiff hereby adopts and incorporates each and every allegation and averment set forth in the preceding paragraphs.

16.

The injuries, damages and impairment of Plaintiff was caused by the negligence of Defendants named herein, and their agents and employees, and those persons for whose actions and/or omissions vicarious liability exists for the Defendants, specifically, the healthcare providers rendering care and treatment to the Plaintiff at St. Dominic. Specifically, the continued deterioration of Plaintiff's condition due to an undiagnosed stroke was the result of negligent and/or wrongful medical care and treatment, or lack thereof, provided to Plaintiff by the Defendants named herein, and their agents and employees, and those persons for whose actions and/or omissions vicarious liability exists for the Defendants which failed to meet the applicable standard of care.

17.

At all times, the Defendants owed to Plaintiff the duty to use reasonable care in their provision of care and treatment to the Plaintiff. At all times relevant to this cause of action, the Defendants, individually and/or through their agents, employees and/or

representatives, and through those persons for whose acts and/or omissions the Defendants are vicariously liable, owed to Plaintiff the duty to exercise that degree, skill and care as required by minimally competent, reasonably prudent physicians and other healthcare providers practicing under like or similar circumstances.  At all times, the Defendants owed to the Plaintiff a duty to undertake and perform prompt, accurate and continuous examinations and evaluations; a duty to promptly and accurately interpret the results of the examinations and evaluations; a duty to undertake and perform prompt and continuous diagnostic procedures; a duty to promptly and accurately interpret the results of the procedures; a duty to provide skilled, competent, and properly trained physicians and other healthcare providers to render care and treatment to Plaintiff, including to render the correct interpretation of clinical symptoms and/or diagnostic procedures; a duty to promptly and accurately observe and/or measure, then promptly, accurately and continuously report, Plaintiff's history, symptoms, conditions, condition changes; a duty to properly, promptly, and carefully diagnose and treat medical conditions the potential and/or progression of which were known, or should have been known, to put the health of Plaintiff at risk if unaddressed; a duty to perform any and all appropriate medical treatments; a duty to promptly inform of potential medical problems and to perform any and all necessary medical procedures; a duty to prevent harm to Plaintiff caused or occasioned by inaccurately interpreted clinical signs and symptoms, by inaccurately interpreted diagnostic procedures, by improperly staffed and/or improperly provisioned and equipped medical facilities, by wrongful failure to inform of potential medical problems, and by wrongful failure to order or recommend further diagnostic testing or procedures; and other duties on the Defendants' part to be shown in this matter.

18.

The Defendants failed to use reasonable care and breached these duties and the applicable standards of care in providing medical care and treatment to Plaintiff by failing to fulfill the above and aforementioned duties of care. Such breaches and failures were negligent and constitute medical malpractice. The negligence of the Defendants caused, or contributed to the cause of, Plaintiff's injuries and permanent impairment, and of the Plaintiffs resulting damages, which would not have occurred but for said Defendants' negligence. The negligence of Defendants in failing to adhere to the minimum standards of care as set out above directly and proximately caused the injuries and impairment of Plaintiff, and all damages related to his injuries and impairment.

19.

As a proximate result of the negligence of the Defendants, and/or their agents, employees, and/or representatives, and/or those persons for whose acts and/or omissions the Defendants are vicariously liable, Plaintiff sustained, among other things, severe and permanent bodily injuries, mental and emotional distress, pain and suffering, medical expenses, lost income and permanent impairment.

## VICARIOUS LIABILITY OF ST. DOMINIC-JACKSON MEMORIAL HOSPITAL

20.

The Plaintiff hereby adopts and incorporates each and every allegation and averment set forth in the preceding paragraphs.

21.

At all relevant times, Defendant St. Dominic's employees, agents, servants, partners, members, staff physicians, nurses, nurse practitioners, business entities, privileged physicians, and/or representatives, their agents, employees, and/or representatives, and/or those persons for whose acts and/or omissions St. Dominic is vicariously liable, were acting within the course and scope of their employment and/or agency with St. Dominic. The acts, omissions, misfeasance, malfeasance, nonfeasance, and/or negligence of such employees, agents, servants, partners, members, staff physicians, privileged physicians, nurses, nurse practitioners, business entities, and/or representatives, their agents, employees, and/or representatives, and/or those persons for whose acts and/or omissions St. Dominic is vicariously liable, are attributable to St. Dominic through vicarious liability and/or *respondeat superior* and other impositions of vicarious liability, including the liability imposed upon those in a joint-venture, as a matter of Mississippi law.

## **DAMAGES**

22.

As a proximate result of the negligence, and wrongful acts and/or omissions of Defendants as set forth herein, the Plaintiff is entitled to compensatory and consequential damages based on the injuries and impairment of Plaintiff and otherwise. Such damages include any and all damages available pursuant to Mississippi law, including, but not limited to, damages for the medical expenses incurred and to be incurred by Plaintiff, physical and emotional pain and suffering experienced by Plaintiff, loss of future wages and income for the remainder of Plaintiff's life, loss of the amount of services and/or the expense of life care services, and the emotional distress suffered by Plaintiff, and other

such damages to be determined by the jury, in amounts to be determined by said jury, in addition to damages and legal relief including, but not limited to, attorneys' fees, pre-judgment interest on all amounts, costs, and post-judgment interest on all amounts, from and/or against the Defendants, as well as any and all other relief appropriate under the law and circumstances.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, for actual damages in an amount exceeding the jurisdictional minimum of this Court, to be determined at the trial of this cause.

Respectfully submitted on this the 5th day of February, 2024.

>JUSTIN ADAM WHITTINGTON,
>*Plaintiff*
>
>BY:   */s/ William M. Vines*
>      WILLIAM M. VINES

OF COUNSEL:
WILLIAM M. VINES, MSB #9902
SIMMONS DALLAS, PLLC
240 Trace Colony Park Drive, Suite 200
Ridgeland, Mississippi 39157
Telephone: 601-933-2040
mvines@simmonsdallas.com

## **CERTIFICATE**

I hereby certify that I have consulted with experts in the field of medicine who are qualified to give expert testimony as to the standard of care and are knowledgeable of the relevant issues involved in this cause of action, and that as a result of said review and consultation, I have concluded that there is a reasonable basis for the commencement of this action.

This 5th day of February, 2024.

*/s/ William M. Vines*
WILLIAM M. VINES