IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JUSTIN ADAM WHITTINGTON,

*Plaintiff*,

v.

CAUSE NO. 3:24-CV-68-CWR-LGI

ST. DOMINIC-JACKSON MEMORIAL
HOSPITAL AND JOHN DOES 1-5

*Defendants*.

## ORDER

Plaintiff Justin Whittington seeks partial summary judgment on the allocation of fault defense and makes three requests in limine. Docket No. 50. After considering the evidence, arguments, and applicable law, the motion will be granted in part and denied in part.

### I. Factual and Procedural History

On September 8, 2022, Justin Adam Whittington was rushed to St. Dominic-Jackson Memorial Hospital ("St. Dominic"). Mr. Whittington, according to medical records, exhibited signs of a stroke: slurred speech, vision problems, facial dropping, and left-sided weakness. At St. Dominic, Whittington was under the care and supervision of multiple medical professionals, and he contends that he was eligible for Tissue Plasminogen Activator ("tPA"), a medication that treats ischemic strokes by dissolving blood clots. tPA is most effective when used within 4.5 hours of a stroke. Whittington had an ischemic stroke, but St. Dominic officials chose not to administer tPA. Whittington argues that this decision—not to timely give him tPA— "lost his opportunity of a significantly better outcome[.]" Docket No. 51 at 2.

Whittington was admitted to St. Dominic as an inpatient. From the night of September 8 through the morning of September 9, he claims that his condition deteriorated. In the late afternoon of September 9, Dr. Scott McPherson performed an embolectomy, a procedure that was intended to remove Whittington's blood clots. Dr. McPherson reported that the embolectomy was successful. Whittington, nevertheless, still has brain and other physical damage. He is permanently disabled due to his stroke.

Whittington sued St. Dominic for negligence on February 5, 2024. He alleges that St. Dominic, as well as its medical professionals, breached the standard of care and proximately caused his injuries, primarily by failing to administer tPA. St. Dominic timely filed its answer. In that filing, St. Dominic asserted an affirmative defense of allocation of fault under Miss. Code. Ann. § 85-5-7. Whittington, then, submitted an interrogatory asking for the basis and identifying information of individuals who St. Dominic believed to be comparatively at fault. St. Dominic responded that it was not making a contention of allocation of fault at that time.

Whittington argues that St. Dominic's failure to demonstrate that another party was at fault, entitles Whittington to partial summary judgment. Additionally, Whittington requests that the Court issue three orders in limine: a "prohibition against St. Dominic attempting to introduce any evidence, testimony or argument as to the allocation of fault to any non-party"; a "prohibition against the introduction of any evidence that the surgery by Dr. McPherson 'potentially' caused or contributed to any of Mr. Whittington's damages"; and a "prohibition against any jury instruction attempting to allocate fault to any non-party." Docket No. 51 at 11.

## II.     Legal Standard

### A.  Summary Judgment Standard

2

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations and quotation marks omitted).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

### B. Motion in Limine Standard

The legal standard is well-established:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, or alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*Cobb v. Associated Gen. Contractors of Miss. Inc.*, No. 3:20-CV-61-CWR-LGI, 2022 WL 277353, at *1 (S.D. Miss. Jan. 28, 2022) (citing *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)).

"The purpose of motions in limine is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion in limine." *Maggette v. BL Development Corp., Nos.* 2:07-CV-181-M-A, 2:07-CV-182-M-A, 2011 WL 2134578, at *4 (N.D. Miss. May 27, 2011) (emphasis omitted).

"[I]f a motion in limine is granted, a party must obtain the trial court's permission, at the bench or otherwise outside the jury's presence, before asking potentially prejudicial questions or introducing potentially prejudicial evidence." *White v. Dolgencorp, LLC*, No. 3:21-CV-738-KHJ-MTP, 2023 WL 2703612, at *1 (S.D. Miss. Mar. 29, 2023) (quotation marks and citation omitted). "However, in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (emphasis omitted).

### III. Discussion

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). State law is determined by looking to decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

#### A. Partial Summary Judgment

In *Stogner v. Dogwood Festival*, this Court explained that Section 85-5-7 of the Mississippi Code establishes that allocation of fault "'is an affirmative defense,' and thereunder, 'the defendant bears the burden of providing proof sufficient to establish fault attributable to a third party.'" No. 3-10-CV-146-CWR-LRA, 2011 WL 1806923, at *1 (S.D. Miss.

4

May 11, 2011) (quoting *Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 490 (5th Cir. 2008)).

This issue can be resolved swiftly. In response to Whittington's interrogatories, St. Dominic said "Defendant is not making the contention [of an allocation of fault defense] described in Interrogatory No. 10." Docket No. 50-1 at 5. St. Dominic reiterated this position in its response and accompanying memorandum to Plaintiff's motion for partial summary judgment. Docket Nos. 64-65. In fact, St. Dominic "concedes that it will not seek to offer on direct examination expert opinions through Dr. Heck (or its other designated expert witness, Dr. Colin McDonald) that Dr. Scott McPherson or any third-party medical provider breached the standard of care." Docket No. 65 at 2. By its own admission, St. Dominic has not put forth any evidence that shows fault attributable to a third-party. There is no genuine issue of material fact on the allocation of fault. *See Eckman v. Moore*, 876 So. 2d 975, 989 (Miss. 2004).

Like the case at bar, the Mississippi Supreme Court in *Eckman v. Moore* granted partial summary judgment for a plaintiff when the defendant's responses to interrogatories did not provide evidence that any third-party was at fault. *Id*. The defendant, who has the burden when asserting an allocation of fault defense, failed to create a genuine issue of material fact, so the Mississippi Supreme Court affirmed that partial summary judgement was proper. *Id*.[1]

St. Dominic, however, maintains that it should be permitted to question Mr. Whittington's "expert witnesses or other witnesses called by Plaintiff as to any breaches of the standard of care by non-parties to this case." Docket No. 65 at 2-3. This desire, St. Dominic

---

[1] Although the Mississippi Supreme Court applied Mississippi's rules regarding summary judgment, the same principles—namely that apportionment under Miss. Code Ann. § 85-5-7 is an affirmative defense that must be pled and proven—counsel in favor of granting summary judgment under the federal rule here.

asserts, means that "Plaintiff's requested relief under Miss. Code Ann. § 85-5-7 is premature and should be denied." *Id*. St. Dominic cites no caselaw for support. Without also providing any specific factual basis, St. Dominic cannot rely on a mere chance that Plaintiff's witnesses *at trial* may provide evidence that allocates fault to a third-party. *See Eckman*, 876 So. 2d at 988-89.

Plaintiff's motion for summary judgment is granted as to the allocation of fault issue. Defendant shall not be permitted to raise the affirmative defense of allocation of fault under § 85-5-7.

## B. Motions in Limine

Within his motion for partial summary judgment, Whittington also asks the Court to grant three prohibitions.[2] The Court construes these requests as motions in limine.

First, Whittington asks the Court to order a "prohibition against St. Dominic attempting to introduce any evidence, testimony or argument as to the allocation of fault." Docket No. 51 at 11. Following the Court's determination that St. Dominic cannot assert an allocation of fault defense, Plaintiff's motion is granted as to this part.

Second, Whittington asks the Court to order a "prohibition against the introduction of any evidence that the surgery by Dr. McPherson 'potentially' caused or contributed to any of Mr. Whittington's damages." Docket No. 51 at 11.

By way of context, St. Dominic designated Dr. Donald V. Heck as one of its expert witnesses. Dr. Heck noted in his report that Dr. McPherson's decision to perform an embolectomy was "ill-advised." Docket No. 50-2 at 15-16. According to Whittington, Dr.

---

[2] Plaintiff's motion is self-categorized as a motion for partial summary judgment. However, within the motion, Plaintiff asks this Court to issue orders in limine. Docket No. 51 at 5, 10-11.

6

Heck's medical opinions attempt to show that Dr. McPherson was partially at fault. However, St. Dominic rejects this representation of its argument. Dr. Heck never claimed that Dr. McPherson breached the standard of care in treating Whittington. Rather, Dr. Heck opined to a reasonable degree of medical probability that Whittington's stroke was caused by ruptured plaque and worsened by the embolectomy. St. Dominic, therefore, argues that Dr. Heck's opinions negate causation, which is a prima facie element that Whittington needs to demonstrate.

This Court has already determined that St. Dominic will not be permitted to raise an allocation of fault defense, but as St. Dominic maintains, Dr. Heck's causation opinions are separate to the issue of allocation of fault. Thus, the Court construes Whittington's request to prohibit evidence pertaining to Dr. McPherson, the embolectomy, and causation as a separate motion in limine.

In support of this request, Whittington argues that "St. Dominic cannot meet its burden" to demonstrate that Dr. McPherson proximately caused Whittington's injuries through the embolectomy. Docket No. 73 at 4. This is because Dr. Heck only opined about causation in terms of "potentialities" or "possibilities," which "does not rise to the level of preponderance of the evidence and cannot be used to defeat summary judgment [on St. Dominic's apportionment of fault defense]." *Id*. at 4-5.

Whittington is correct that the Fifth Circuit and Mississippi Supreme Court require medical testimony to go beyond potentialities and possibilities to be admissible. *Id*. "[M]edical testimony is not probative unless it's in terms of probabilities and not possibilities." *Patterson v. Radioshack Corp.*, 268 Fed. App'x 298, 301 (5th Cir. 2008) (citation omitted).

7

St. Dominic, however, asserts that Dr. Heck's opinions are all to a reasonable degree of medical probability. Dr. Heck has explicitly stated that his causation opinions are to a reasonable degree of medical probability. Docket No. 50-2 at 2 ("All of my opinions are offered to a reasonable degree of medical probability."); 64-1 at 1 (same). St. Dominic has provided enough evidence showing that Dr. Heck's conclusions are to a sufficient degree of medical probability and that the question of proximate causation remains at issue. As such, it would be premature to grant this motion in limine prohibiting Dr. Heck, or another defense witness, from entirely speaking about causation, the embolectomy, and Dr. McPherson. The *Motion* is denied as to this part.

Third, Plaintiff asks the Court to order a "prohibition against any jury instruction attempting to allocate fault to any non-party." Docket No. 51 at 11.

"In diversity actions, federal court jury instructions must accurately describe the applicable state substantive law." *Turlington v. Phillips Petroleum Co.*, 795 F.2d 434, 441 (5th Cir. 1986). The Mississippi Supreme Court determined that *Coho Resources, Inc. v. McCarthy* controls whether the failure to provide evidence in support of an allocation of fault defense during discovery waives the right to an apportionment jury instruction. *Young v. Guild*, 7 So. 3d 251, 261-62 (Miss. 2009). In *McCarthy*, the defendant did not identify, either in response to an interrogatory or in a supplemental response, any other party at fault. 829 So. 2d 1, 24 (Miss. 2002). The *McCarthy* court, then, held that the defendant's right to an apportionment instruction was waived. *Id.* The Mississippi Supreme Court in *Young*, similarly, found that an apportionment instruction was waived because the defendant failed to identify other parties at fault during discovery. 7 So. 3d at 261.

Here, St. Dominic failed to identify any party at fault in its response to Mr. Whittington's interrogatory. St. Dominic also conceded that it was not using its witnesses to affirmatively assert an allocation of fault defense. Since St. Dominic's "denial in [its] discovery response was binding . . . [it] waived [its] right to an apportionment instruction" under Mississippi law. *Young*, 7 So. 3d at 262. Plaintiff's motion is granted as to this part.

## IV.    Conclusion

Plaintiff's motion for summary judgment is granted in part and denied in part.

**SO ORDERED**, this the 5th day of December, 2025.

>                     s/ Carlton W. Reeves
>                     UNITED STATES DISTRICT JUDGE