# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JUSTIN ADAM WHITTINGTON**,

                      *Plaintiff*,

v.

**ST. DOMINIC-JACKSON MEMORIAL HOSPITAL AND JOHN DOES 1-5,**

                      *Defendants*.

CAUSE NO. 3:24-CV-68-CWR-LGI

## ORDER

Before the Court are Plaintiff's motions in *limine*, Docket Nos. 84, 86, and 87; Defendant's motion in *limine*, Docket No. 85; and Defendant's motion to strike two of Plaintiff's motions as untimely, Docket No. 88. For the reasons articulated below, Plaintiff's first and second motion in *limine* are granted, Plaintiff's third motion in *limine* is denied, Defendant's motion in *limine* is granted, and Defendant's motion to strike is denied.[1]

Plaintiff, Mr. Justin Adam Whittington, filed three motions in *limine*. Docket Nos. 84, 86, and 87. Plaintiff requests that the Court exclude any evidence, testimony, or argument regarding (1) the work association and temporary living arrangement between Mr. Whittington and Christian Dedmon, Docket No. 84; (2) Mr. Whittington's separation and/or divorce from Abby Kathryn Moore, formerly Abby Whittington, Docket No. 86; and (3) Mr. Whittington's involvement in prior lawsuits as a party, witness, or otherwise, Docket No. 87.

---

[1] The Court declines to strike these motions and will consider them. A motion in *limine* is "any motion, whether made before or *during trial*, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (emphasis added). The Court has considered Plaintiff's arguments raised in Docket Nos. 86 and 87.

Defendant, St. Dominic-Memorial Hospital ("St. Dominic"), opposes these requests. Docket No. 90.

Plaintiff's first motion in *limine*, Docket No. 84, is granted. Whittington's relationship to Christian Dedmon (or lack thereof) is not relevant to this medical malpractice dispute. Even if it were, connecting Mr. Whittington to Christian Dedmon—who has publicly been identified as part of the Rankin County Sherriff's Department's "Goon Squad"—is prejudicial.

Plaintiff's second motion in *limine*, Docket No. 86, is granted. Any evidence, testimony, or argument pertaining to Whittington's separation and divorce from Abby Kathryn Moore is irrelevant to this action.

Plaintiff's third motion in *limine*, Docket No. 87, is denied. Defendant may present evidence or mention Plaintiff's involvement in other lawsuits as a party, witness, or otherwise as there is such evidence which contradicts Plaintiff's prior answers given under oath. The details in which the Defendant may be allowed to go into are constrained by Rules 401, 402, and 403 of the Federal Rules of Evidence.

Defendant filed one motion in *limine*. Docket No. 85. Defendant requests that the Court exclude any evidence, testimony, or argument regarding (1) Dr. Redmann's Louisiana medical license; (2) Dr. Redmann's medical condition; (3) Dr. Redmann's involvement in prior lawsuits; and (4) any statements that Abby Kathryn Moore attributed to medical providers in her depositions. Defendant's motion in *limine*, Docket No. 85, is granted as conceded by Plaintiff. *See* Docket No. 89.

**SO ORDERED**, this the 30th day of January, 2026.

s/ Carlton W. Reeves

UNITED STATES DISTRICT JUDGE